ESTES v. THE CHICAGO, IOWA & DAKOTA R'Y CO.

1. **Former Adjudication:** EFFECT OF. Where, in a former case, in the same court, between the same parties, it had been adjudicated that a certain alleged contract relied on by defendant did not exist, it was proper, in a subsequent case, to strike out an answer setting up the same contract, and to exclude evidence offered to prove it.

*Appeal from Hardin Circuit Court.*

MONDAY, JUNE 27.

THIS is a proceeding to ascertain the amount of compensation due to the plaintiff for certain of her land which was appropriated by the defendant for right of way upon which to construct its railroad. The defendant entered upon the land without taking any steps to ascertain the damages, and

this proceeding was instituted by the plaintiff. A sheriff's jury was impaneled, and from their assessment the plaintiff appealed to the circuit court, where the defendant filed an answer, setting up an alleged oral agreement between the parties, by which the plaintiff, in consideration of the benefits of the location and construction of the railroad, gave to defendant said right of way. The answer was, on motion of the plaintiff, stricken from the files of the court. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*John Porter* and *Weaver & Baker*, for appellant.

*M. W. Anderson* and *Nagle & Birdsall*, for appellee.

ROTHROCK, J.—In the course of the trial the defendant offered to prove by certain witnesses that plaintiff had given the right of way in question to the defendant by a certain oral contract. The evidence was objected to on the ground that the alleged oral contract had already been adjudicated in the same court in a case between these parties. The objection was sustained.

The defendant denies that any such an adjudication was had. We have considered this case in connection with the case of *Chicago, I. & D. R'y Co. v. Estes*, 71 Iowa, 703. We have found in that case that the defendant herein acquired no rights by the alleged oral contract, or, rather, that no such contract was made. In so finding we affirmed the decree of the circuit court, which was founded upon a decision announced by that court before the trial of the case at bar. In our opinion, the court was correct in striking the answer from the files, and in excluding all evidence as to the alleged oral contract.

No other objection is urged against the judgment, and it must be                    AFFIRMED.